UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESTINE ROPER,<br><br>                        *Plaintiff,*<br><br>-against-<br><br>MKS 209 LLC, SUTTER 203 LLC, SK 209 LLC, MK 209 LLC and XOLLE DEMO LLC,<br><br>                        *Defendants*. | Case No. 1:23-cv-09035 NGG-JRC<br><br>**ANSWER TO COMPLAINT** |

      Defendants MKS 209 SUTTER LLC, SUTTER 203 LLC, SK 209 LLC, MK 209 LLC and XOLLE DEMO LLC ("Defendants") by their counsel Rukab Brash PLLC, as and for their answer to the Complaint of Plaintiff JESTINE ROPER ("Plaintiff"), dated December 8, 2023 (the "Complaint") allege as follows:

## NATURE OF THE ACTION

1. Aver that the allegations in paragraph 1of the Complaint constitute legal conclusions to which no response is required.

## THE PARTIES

2. Deny knowledge and information sufficient to form a belief as to the truth of the allegation that Plaintiff resides in Brooklyn, New York and deny the remaining allegations in paragraph 2 of the Complaint.

3. Admit the allegations in paragraph 3 of the Complaint.

4. Admit the allegations in paragraph 4 of the Complaint.

5. Admit the allegations in paragraph 5 of the Complaint.

6. Admit the allegations in paragraph 6 of the Complaint.

7. Admit the allegations in paragraph 7 of the Complaint.

8. Admit the allegations in paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

9. Aver that the allegations in paragraph 9 of the Complaint constitute a legal conclusion to which no response is required.

10. Aver that the allegations in paragraph 10 of the Complaint constitute a legal conclusion to which no response is required.

11. Aver that the allegations in paragraph 11 of the Complaint constitute a legal conclusion to which no response is required.

## BACKGROUND

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff is an "established visual artist and community organizer"; deny the allegation that Plaintiff is the author of "Children at Work with Nature" (the "Mural") and aver that the remaining allegations in paragraph 12 constitute legal conclusions to which no response is required.

13. Deny the allegations that Plaintiff painted the Mural on the wall of the building and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

4885-1281-5017, v. 2

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19. Admit the allegations in paragraph 19 of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22. Deny the allegation in paragraph 22 of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegation that "in or around September 2022, Plaintiff observed individuals visiting the building" and deny the remaining allegations paragraph 26 of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28. Admit that on or around October 21, 2022, Plaintiff met with Eli Hoffman but deny the remaining allegations in paragraph 28 of the Complaint.

29. Admit the allegations in paragraph 29 of the Complaint.

30. Admit the allegation in paragraph 30 of the Complaint.

31. Deny the allegations in paragraph 31 of the Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint.

33. Admit that on February 16, 2023, Plaintiff sent an email to Defendants but deny the remaining allegations in paragraph 33 of the Complaint.

34. Deny the allegations in paragraph 34 of the Complaint.

35. Deny the allegations in paragraph 35 of the Complaint.

36. Deny the allegations in paragraph 36 of the Complaint.

37. Deny the allegations in paragraph 37 of the Complaint.

**FIRST CAUSE OF ACTION**
**(Visual Artist Rights Act)**

38. In response to paragraph 38 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 37 as though fully set forth herein.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint.

40. Deny the allegations in paragraph 40 of the Complaint.

41. Deny the allegations in paragraph 41 of the Complaint.

42. Deny the allegations in paragraph 42 of the Complaint.

43. Deny the allegations in paragraph 43 of the Complaint.

44. Deny the allegations in paragraph 44 of the Complaint.

4

## SECOND CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

45. In response to paragraph 45 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 44 as though fully set forth herein.

46. Deny the allegations in paragraph 46 of the Complaint.

47. Deny the allegations in paragraph 47 of the Complaint.

48. Deny the allegations in paragraph 48 of the Complaint.

## THIRD CAUSE OF ACTION
### (Conversion)

49. In response to paragraph 49 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 48 as though fully set forth herein.

50. Deny the allegations in paragraph 50 of the Complaint.

51. Deny the allegations in paragraph 51 of the Complaint.

52. Deny the allegations in paragraph 52 of the Complaint.

53. Deny the allegations in paragraph 53 of the Complaint.

54. Deny the allegations in paragraph 54 of the Complaint.

## FOURTH CAUSE OF ACTION
### (Property Damage)

55. In response to paragraph 55 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 54 as though fully set forth herein.

56. Deny the allegations in paragraph 56 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

4885-1281-5017, v. 2

## SECOND AFFIRMATIVE DEFENSE

The causes of action are barred and precluded, in whole or in part, based on documentary evidence.

## THIRD AFFIRMATIVE DEFENSE

The causes of action are barred and precluded, in whole or in part, by laches, estoppel, waiver, ratification and/or unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

The causes of action are barred and precluded, in whole or in part, by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff did not receive permission from the Owner of the building to install the mural but a tenant of the owner.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff was not the artist who painted the Mural.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff received notice from Defendants of her right to remove the Mural.

## EIGHTH AFFIRMATIVE DEFENSE

The Mural does not have recognized stature.

**WHEREFORE,** Defendants respectfully request that judgment be entered as follows:

(a) Dismissing the Complaint in its entirety;

(b) Awarding Defendants the costs and disbursements of this case; and

(c) For such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         March 14, 2024

**RUKAB BRASH PLLC**

By: _____
    Alexandra Jonas
    Lynn E. Judell
50 West 17th Street, Suite 9-S
New York, NY 10011
(212) 257-1960
*Attorneys for Defendants*

7

## **VERIFICATION**

**MORTY KOHN** being duly sworn deposes and says:

I am an Authorized Signatory of Defendants MKS 209 LLC, SUTTER 203 LLC, SK 209 LLC, MK 209 LLC. I have read the foregoing Answer to the Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

*[signature]*
Mordchei Kohn

Sworn to before me this 14
day of March 2024

*[signature]*
Notary Public

SAMUEL KLEIN
NOTARY PUBLIC-STATE OF NEW YORK
No. 01KL6394129
Qualified in Kings County
My Commission Expires 07-01-2027

4885-1281-5017, v. 2

8